BY THE COURT.
The record does not show that any evidence was adduced of the residence of the individual commissioners, or of the justice; nor that the court found any facts as the predicate of the order to quash, and judgment for costs. It is erroneous to quash an appeal, without presenting some state of fact to warrant the order. If, therefore, the order to quash was predicated on the residence of the justice, and the individual commissioners, it was erroneous, because it nowhere appears that they reside in different townships, except in the motion of the defendants.
We entertain no doubt but that a justice has jurisdiction of a suit against the county commissioners. Their claim of exemption, on account of their sovereign character, cannot be recognized. They are but a corporation, performing certain public functions — not lords paramount, or sovereigns. It appears to us clear, also, that “the suit under review is one against the corporation, not [418 against the individual commissioners.
But, if the order to quash was made because the justice had no *428 jurisdiction, there was no legal foundation for the judgment for costs, and the judgment for costs is erroneous, because a court without jurisdiction can give no judgment; 4 O. 200.
All the proceedings since filing the appeal are reversed, and the cause remandéd for entry and further proceeding.
[No jurisdiction on appeal if none below; Place v. Welch, 3 W. L. M. 611, 615.]